IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,445-02






EX PARTE DAMACIA D. BUSBY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 978120-A IN THE 185TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of injury to a child
and sentenced to thirty years' imprisonment. The First Court of Appeals affirmed his conviction. 
Busby v. State, No. 01-04-01210-CR (Tex.App.--Houston [1st Dist.] del. Mar. 13, 2008).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify him that his conviction had been affirmed and failed to advise him of his right
to petition pro se for discretionary review. Counsel has provided an affidavit stating that he no longer
has the file for this case, but it is his usual practice to provide a copy of the appellate opinion to and
inform the client of his or her PDR rights in correspondence accompanying the opinion. Applicant
states, however, that he never received the correspondence from counsel. 

 The trial court shall supplement the writ record with mail logs from TDCJ, if available,
indicating whether Applicant received legal correspondence from appellate counsel from the date
the opinion was delivered on March 13, 2008, to the date the PDR was due on April 14, 2008. The
trial court shall also provide information regarding whether appellate counsel filed a certification
with the appellate court regarding notice to Applicant as mandated by Rule of Appellate Procedure
48.4.

 The trial court shall make any findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief. This application will
be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved
within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories
or the transcription of the court reporter's notes from any hearing or deposition, along with the
supplemental material discussed above and any supplemental findings of fact and conclusions of law,
shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time
shall be obtained from this Court.

Filed: March 27, 2013

Do not publish